UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IESHA REAVES,              )<br>                                             )<br>         Plaintiff,                )<br>                                             )<br>    v.                                     )     Civil Action No. 24-2704 (UNA)<br>                                             )<br>FEDERAL BUREAU OF INVESTIGATION,  )<br>                                             )<br>         Defendant.           ) | |

### MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2), motion to expedite (ECF No. 3), motion for preliminary injunction (ECF No. 5) and *pro se* complaint (ECF No. 1). The Court GRANTS the application, DENIES the motions, and for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Plaintiff alleges that, as far back as 2017, unidentified individuals or, perhaps, government agencies, have forced her to "'participate' against [her] will," Compl. at 4, in activities she does not describe. She further alleges "being told [she] needed to be exploited for the benefit of white people," *id*., because her skin color, age and gender, *see id*. Plaintiff demands that "all involved . . . be held accountable," *id*., noting that no one can "force[ her] to be in a 'relationship' with anyone, especially older men of any race/culture." *Id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court

1

cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

    A separate order will issue.


DATE: October 22, 2024                                                   CARL J. NICHOLS
                                                                                 United States District Judge